# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAFTER M.C.C.F., et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00636 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Maurice Muhammad ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 28, 2014.[1] He names Shafter Modified Community Correctional Facility ("MCCF"), Counselor Nieto, and Counselor Weaver as Defendants.

**A.　SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] On November 10, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Delano Modified Community Correctional Facility in Delano, California. He was incarcerated at Shafter MCCF and Corcoran SATF when the events giving rise to this action took place.

Plaintiff alleges the following. On December 19, 2013, Plaintiff was transferred to Shafter MCCF from Folsom Prison. Upon his arrival, Plaintiff discovered that MCCF had no law library. Plaintiff informed Defendants Nieto and Weaver that he had at least seven active cases that he was

in the middle of litigating. After filing two CDC-602s which were never signed or returned, Plaintiff was transferred on January 6, 2014, to Corcoran SATF, which had a law library. Prior to his departure, Plaintiff was advised by Defendant Nieto that the transfer was permanent because MCCF did not have a law library, nor were there plans for one to be established in the future.

After two weeks at Corcoran, Plaintiff was transferred back to MCCF on January 24, 2014. Plaintiff met with Defendant Nieto on January 28, 2014, whereupon Nieto informed Plaintiff that he was transferred back because they decided that one day MCCF would get a law library, but they did not know when. Plaintiff again stressed to Nieto his urgent need for a law library by showing him court deadlines and paperwork. Nieto advised that he would forward it to his supervisor, Defendant Weaver. Nieto also advised Plaintiff to take the matter up with Sacramento. The following day, Plaintiff went back to Nieto's office and picked up the unforwarded/unsigned paperwork and took it directly to Defendant Weaver. Weaver stated he thought Plaintiff had finished litigating after which Plaintiff presented him the same documents he had presented to Nieto, with proof of at least another 9 months of potential litigation. Defendant Weaver then stated that Plaintiff was being a "pain in his ass" after which he made copies of the paperwork and added that it was now out of his hands and to get the hell out of his office. Plaintiff asked Weaver to sign the CDCR 22 form and Weaver replied that he wasn't done with it yet and again to get the hell out of his office.

Plaintiff claims that Defendants Nieto and Weaver caused him to be unable to answer and/or rebut before a February 10, 2014, deadline in his $1,000,000 lawsuit. He further claims Nieto and Weaver caused his legal mail to get lost, crossed up or delayed. Plaintiff seeks $175,000.00 in punitive and monetary damages.

**C.  DISCUSSION**

    1.  Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is "actual prejudice with respect to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct.

3

2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Here, Plaintiff makes no showing that he suffered an actual injury. He states he was unable to answer or rebut in an unspecified lawsuit. However, he does not state what he was unable to answer or rebut, how his failure to answer or rebut prejudiced him, or how any Defendant directly interfered in his attempts to litigate. Plaintiff alleges he was transferred to Shafter MCCF, and this facility did not maintain a law library, but Plaintiff fails to show how this prevented him from litigating. The State is not required to enable inmates to discover grievances or to litigate effectively once in court. Lewis, 518 U.S. at 354. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

In addition, Plaintiff fails to describe the lawsuit in which he states he was unable to litigate. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Accordingly, Plaintiff fails to state a claim of interference with his access to the courts.

2.   Prison Transfer

Plaintiff complains that he was transferred from Corcoran to Shafter MCCF, and MCCF did not maintain a law library. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983). Therefore, Plaintiff fails to state a claim with respect to his transfer from

4

Corcoran to Shafter MCCF.

### 3. Eleventh Amendment Immunity

Plaintiff names Shafter MCCF as a Defendant. Plaintiff is advised that he may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Shafter MCCF is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### 4. Interference with Mail

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)). Censorship of outgoing prisoner mail, on the other hand, is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14, 109 S.Ct. 1874 (1989) only as test relates to incoming mail - Turner test applies to incoming mail) (quotation marks omitted); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier

5

applies to censorship of outgoing mail).

Here, Plaintiff makes no showing that any Defendant interfered with his mail.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **June 4, 2015**                                        /s/ *Dennis L. Beck*
                                                                             UNITED STATES MAGISTRATE JUDGE