# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD, | Case No. 1:14-cv-00636 DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND DISMISSING ACTION WITH PREJUDICE |
| v. | |
| SHAFTER M.C.C.F., et al., | |
| Defendants. | |

Plaintiff Maurice Muhammad ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 28, 2014.[1] On June 5, 2015, the Court screened the complaint and determined that Plaintiff had failed to state a claim for relief. Plaintiff was granted leave to file an amended complaint. On July 10, 2015, Plaintiff filed a First Amended Complaint. He names Shafter Modified Community Correctional Facility ("MCCF") Counselors Nieto and Weaver as Defendants.

**A.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] On November 10, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.  SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. He was incarcerated at Shafter MCCF and Corcoran SATF when the events giving rise to this action took place.

Plaintiff alleges the following. On December 19, 2013, Plaintiff was transferred to Shafter

MCCF from Folsom Prison.  Upon his arrival, Plaintiff discovered that MCCF had no law library.  Plaintiff informed Defendants Nieto and Weaver that he had at least seven active cases that he was in the middle of litigating.  After filing two CDC-602s which were never signed or returned, Plaintiff was transferred on January 6, 2014, to Corcoran SATF, which had a law library.  Prior to his departure, Plaintiff was advised by Defendant Nieto that the transfer was permanent because MCCF did not have a law library, nor were there plans for one to be established in the future.

After eighteen days at Corcoran SATF, Plaintiff was transferred back to MCCF on January 24, 2014.  Plaintiff met with Defendant Nieto on January 28, 2014, whereupon Nieto informed Plaintiff that he was transferred back because they decided that one day MCCF would get a law library, but they did not know when.  Plaintiff again stressed to Nieto his urgent need for a law library by showing him court deadlines and paperwork.  Nieto advised that he would forward it to his supervisor, Defendant Weaver, and for Plaintiff to be patient.  Nieto also advised Plaintiff to take the matter up with Sacramento.  The following day, Plaintiff went back to Nieto's office and picked up the unforwarded/unsigned paperwork and took it directly to Defendant Weaver.  Weaver stated he thought Plaintiff had finished litigating after which Plaintiff presented him the same documents he had presented to Nieto, with proof of at least another 9 months of potential litigation.  Defendant Weaver then stated that Plaintiff was being a "pain in his ass" after which he made copies of the paperwork and added that it was now out of his hands and to get the hell out of his office.  Plaintiff asked Weaver to sign the CDCR 22 form and Weaver replied that he wasn't done with it yet and again to get the hell out of his office.

Plaintiff claims that Defendants' actions caused him to be unable to answer and/or rebut before a February 10, 2014, deadline in his $1,000,000 lawsuit.  He further claims Nieto and Weaver caused his legal mail to get lost, crossed up or delayed.  Plaintiff seeks $175,000.00 in punitive and monetary damages.

## C. DISCUSSION

### 1. Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101-02 (9th Cir. 2011).

However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is "actual prejudice with respect to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Here, Plaintiff attempts to show he suffered an injury by stating he was unable to answer or rebut a demurrer in a lawsuit he filed against the prosecutor for malicious prosecution concerning his underlying criminal conviction. (See Pl.'s First Am. Compl., Attachs.) From the attachments, it appears that the defendant in the case filed a demurrer to the complaint on December 18, 2013, and an answer/rebuttal to the demurrer was due on February 10, 2014. No answer/rebuttal was filed and the demurrer was granted.

Plaintiff fails to state how any Defendant directly interfered in his attempts to litigate. Plaintiff alleges he was transferred to Shafter MCCF, and this facility did not maintain a law library, but Plaintiff fails to show how this prevented him from litigating. The State is not required to enable inmates to discover grievances or to litigate effectively once in court. Lewis, 518 U.S. at 354. Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Moreover, Plaintiff fails to establish who authorized the transfer to Shafter MCCF from Folsom State Prison, and from the attachments it appears that Defendants were not responsible for the initial transfer. In fact, it appears that Defendants transferred Plaintiff to Corcoran SATF on January 6, 2014, soon after Plaintiff complained of pending court deadlines. Plaintiff thus had approximately eighteen days at Corcoran SATF to access the law library. When he was transferred back to Shafter, the deadline to file the rebuttal was already fast-approaching. Since the initial transfer to Shafter was not Defendants' doing, and Plaintiff still had approximately eighteen days to access the library at Corcoran, Plaintiff fails to show how Defendants caused Plaintiff to suffer an actual injury. Plaintiff fails to state how the transfer on January 24, 2014, caused him to be unable to

4

litigate, or even to request additional time from the court.

In addition, Plaintiff fails to demonstrate that he could have succeeded in his litigation if not for the alleged interference. The demurrer was sustained because all of Plaintiff's causes of action, except for malicious prosecution, were barred due to the prosecutor's absolute immunity. With respect to the cause of action for malicious prosecution, Plaintiff could not allege the essential element of a termination of the criminal proceedings in his favor since his conviction was affirmed by the appellate court and the California Supreme Court. Therefore, Plaintiff cannot demonstrate actual injury.

Accordingly, Plaintiff fails to state a claim of interference with his access to the courts.

2.    Prison Transfer

Plaintiff complains that he was transferred from Corcoran to Shafter MCCF, and MCCF did not maintain a law library. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983). Therefore, Plaintiff fails to state a claim with respect to his transfer from Corcoran to Shafter MCCF.

3.    Interference with Mail

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)). Censorship of outgoing prisoner mail, on the other hand, is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14, 109 S.Ct. 1874 (1989) only as test relates to incoming mail - Turner test applies to incoming

mail) (quotation marks omitted); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

Here, Plaintiff makes no showing that any Defendant interfered with his mail.

4.      Other Causes of Action

In a buckshot and cursory manner, Plaintiff lists a number of causes of action at the end of his amended complaint, including intentional infliction of emotional distress, fraud, discrimination, abuse of authority, obstruction of justice, moral turpitude, conspiracy, and violation of the Eighth Amendment. Plaintiff offers no factual support for any of these claims. In addition, in the Court's screening order Plaintiff was advised that he may not change the nature of his suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**D.      CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies. Based on the nature of the deficiencies, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is DISMISSED, without leave to amend, for failure to state a claim under section 1983;

2.      This action is DISMISSED WITH PREJUDICE; and

3.      This constitutes a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 16, 2016**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE